
IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kipper Ken King,<br><br>      Plaintiff,<br><br>vs.<br><br>Suesan Crocker, Spartanburg Parole Office,<br><br>      Defendant. | C/A No. 0:11-1387-JMC-PJG<br><br><br>**ORDER** |

  This is a civil action filed by a state prisoner. Therefore, in the event that a limitations issue arises, Plaintiff shall have the benefit of the holding in Houston v. Lack, 487 U.S. 266 (1988) (prisoner's pleading was filed at the moment of delivery to prison authorities for forwarding to District Court). Under Local Civil Rule 73.02(B)(2) of the United States District Court for the District of South Carolina, pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge.

  By Order issued on June 22, 2011, Plaintiff was given a specific time frame in which to bring this case into proper form. (ECF No. 6.) Plaintiff has complied with the Court's Order, and this case is now in proper form.

  Plaintiff has also submitted a document stating that he needs the "the proper papers" to have a "witness in court." This pleading has been construed as a Motion for Subpoena. (ECF No. 9.) As the case is recommended for summary dismissal, Plaintiff's Motion is **denied**.

**PAYMENT OF THE FILING FEE:**

  By filing this case, Plaintiff has incurred a debt to the United States of America in the amount of $350. See 28 U.S.C. § 1914. This debt is not dischargeable in the event Plaintiff seeks relief under the bankruptcy provisions of the United States Code. See 11 U.S.C. § 523(a)(17). Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996), permits a prisoner to file a civil action without **pre**payment of fees or security, but requires the prisoner "to pay the full amount of the filing fee" as funds are available. See 28 U.S.C. § 1915(a),(b). **The agency having custody of Plaintiff shall collect payments from Plaintiff's prisoner trust account in accordance with 28 U.S.C. § 1915(b)(1) and (2), until the full filing fee is paid.** See Torres v. O'Quinn, 612 F.3d 237, 252 (4th Cir. 2010) ("We hold that 28 U.S.C. § 1915(b)(2) caps the amount of funds that may be withdrawn from an inmate's trust account at a maximum of twenty percent *regardless of the number of cases or appeals the inmate has filed*.") (emphasis in original).

*PJG*

Plaintiff has submitted an Application to Proceed Without Prepayment of Fees and Affidavit (Form AO 240), which is construed as a Motion for Leave to Proceed *in forma pauperis*. See 28 U.S.C. § 1915(a)(1), (2). A review of the Motion reveals that Plaintiff does not have the funds to pay the first installment of the filing fee. Therefore, the amount due from Plaintiff is currently $350.

Plaintiff's motion to proceed *in forma pauperis* is **granted**.

### MOTION TO APPOINT COUNSEL:

Plaintiff has filed a letter in which he requests the appointment of an attorney. (ECF No. 13.) There is no right to appointed counsel in § 1983 cases. Hardwick v. Ault, 517 F.2d 295 (5th Cir. 1975). As stated in 28 U.S.C. § 1915(e)(1), the court may use its discretion to appoint counsel for an indigent in a civil action. Smith v. Blackledge, 451 F.2d 1201 (4th Cir. 1971). However, such appointment "should be allowed only in exceptional cases." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). Whether exceptional circumstances are present depends on the type and complexity of the case, and the *pro se* litigant's ability to prosecute it. Whisenant v. Yuam, 739 F.2d 160 (4th Cir. 1984), abrogated on other grounds by Mallard v. United States Dist. Court for S. Dist. of Iowa, 490 U.S. 296 (1989).

Upon review of the file, the court has determined that there are no exceptional or unusual circumstances presented at this time which would justify the appointment of counsel, nor would the plaintiff be denied due process if an attorney were not appointed. Id. Accordingly, the plaintiff's request for a discretionary appointment of counsel under 28 U.S.C. § 1915(e)(1) is denied.

### TO THE CLERK OF COURT:

This case is subject to summary dismissal based on an initial screening conducted pursuant to 28 U.S.C. §1915 and/or 28 U.S.C. § 1915A. Therefore, the Clerk of Court shall ***not*** issue the summons or forward this matter to the United States Marshal for service of process at this time.

**IT IS SO ORDERED**.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

August 23, 2011
Columbia, South Carolina