IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kipper Ken King, | ) C/A No. 0:11-1387-JMC-PJG |
| Plaintiff, | ) |
| vs. | ) **REPORT AND** |
| | ) **RECOMMENDATION** |
| Suesan Crocker, Spartanburg Parole Office, | ) |
| Defendant. | ) |

The Plaintiff, Kipper Ken King (Plaintiff), a self-represented state prisoner, brings this action pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Plaintiff is an inmate at Turbeville Correctional Institution, a facility of the South Carolina Department of Corrections ("SCDC"), and files this action *in forma pauperis* under 28 U.S.C. § 1915. The Complaint names a state parole officer as the sole defendant.[1] Having reviewed the Complaint in accordance with applicable law, the Court concludes that it should be summarily dismissed for failure to state a claim upon which relief may be granted.

## BACKGROUND

Plaintiff states that, on October 13, 2011,[2] he "was able to parole but was told that [his] address was denied from the parol[e] office." (Compl., ECF No. 1 at 3.) Plaintiff re-

---

[1] Title 28 U.S.C. § 1915A (a) requires review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

[2] As this is a future date and Plaintiff is complaining that he has been imprisoned "nine and a half extra months," it is assumed that Plaintiff's parole eligibility date was October 13, 2010.

entered his address in May of 2011, however "it was denied again." (Id.) The address being "denied" was that of Plaintiff's mother and correspondence from her indicated that the only "contact between her and a parole agent were some calls that come without an answer on the answering mach[ine]." (Id.) Plaintiff "was informed that the parole agents are to go to the add. and check the house, if nobody is home they leave a tag on the door to notify the home of [the visit]." (Id.) However, Plaintiff's mother "had never had any such notice on her home, never a message, and or never mail left to the address." (Id.) Plaintiff states that it "is not hard to be profes[s]ional and leave a message." (Id.) Plaintiff claims that, "if the parole office would have been doing a profes[s]ional job and try to contact the address . . . [he] would not have done nine and a half extra months in prison." (Id.) Plaintiff alleges that Defendant Crocker did not treat Plaintiff in the same manner as other parolees and that such inequitable treatment has caused Plaintiff to suffer severely. (Id.) Plaintiff seeks monetary damages. (Id. at 5.)

## INITIAL REVIEW GENERALLY

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief."[3] 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990);

---

[3] Screening pursuant to § 1915A is subject to this standard as well.

see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## DISCUSSION

The Complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Albright v. Oliver, 510 U.S. 266, 271 (1994) (quoting Baker v. McCollan, 443 U.S. 137, 144, n.3 (1979)). A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

In the present action, Plaintiff alleges that Defendant Crocker violated Plaintiff's right to equal protection under the Fourteenth Amendment. The Equal Protection Clause

essentially mandates "that all persons similarly situated should be treated alike." City of Cleburne, Tex. v. Cleburne Living Center, 473 U.S. 432, 439 (1985). An equal protection "analysis begins with the basic principle that a [plaintiff] who alleges an equal protection violation has the burden of proving 'the existence of purposeful discrimination.'" McCleskey v. Kemp, 481 U.S. 279, 292 (1987) (citing Whitus v. Georgia, 385 U.S. 545, 550 (1967)); Equity In Athletics, Inc. v. Dep't of Educ., 639 F.3d 91, 108 (4th Cir. 2011) ("[P]laintiff must plead sufficient facts to demonstrate plausibly that he was treated differently from others similarly situated and that the unequal treatment was the result of discriminatory animus."); Bell v. Ozmint, 332 F.3d 229, 237 (4th Cir. 2003) (a plaintiff "'must prove that the decisionmakers in *his* case acted with discriminatory purpose'") (quoting McCleskey, 481 U.S. at 292). Further, the Supreme Court has recognized the validity of "class of one" Equal Protection claims, "where the plaintiff alleges that she [or he] has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); see also Willis v. Town of Marshall, N.C., 426 F.3d 251, 263 (4th Cir. 2005).

As an initial matter, the Complaint fails to allege that Defendant Crocker acted with a discriminatory motive or purpose. Instead, Plaintiff indicates that Defendant Crocker failed to act in a professional manner. However, negligence, in general, is not cognizable under 42 U.S.C. § 1983. See Estelle v. Gamble, 429 U.S. 97, 106 (1976); see also Daniels v. Williams, 474 U.S. 327, 328-36 & n.3 (1986); Pink v. Lester, 52 F.3d 73, 78 (4th Cir.1995) ("The district court properly held that *Daniels* bars an action under § 1983 for negligent conduct[.]"). Further, even if Plaintiff had established a discriminatory motive, he fails to identify any former inmates that were treated more favorably by Defendant Crocker.

Nor does Plaintiff provide any meaningful factual details to show that these other parolees, if they in fact exist, are similarly situated to the Plaintiff. Thus, although Plaintiff believes that he has been treated unfairly by Defendant Crocker, he presents no evidence that any similarly situated inmates were treated differently. As such, Plaintiff provides insufficient factual information to establish a plausible claim that an equal protection violation has occurred. See Plyler v. Doe, 457 U.S. 202, 216 (1982); Hanton v. Gilbert, 36 F.3d 4, 8 (4th Cir. 1994).

Finally, while it appears that Plaintiff lists the Spartanburg Parole Office in the Complaint's caption solely for the purpose of identifying Defendant Crocker's place of employment, it is noted that any claim for monetary damages against this entity would also be subject to summary dismissal. The Eleventh Amendment forbids a federal court from rendering a judgment against an unconsenting state in favor of a citizen of that state. Edelman v. Jordan, 415 U. S. 651, 663 (1974). Although this language does not explicitly prohibit a citizen of a state from suing his own state in federal court, the Supreme Court in Hans v. Louisiana, 134 U. S. 1 (1890), held that the purposes of the Eleventh Amendment, i.e. protection of a state treasury, would not be served if a state could be sued by its citizens in federal court. State agencies and state instrumentalities share this immunity when they are the alter egos of the state. See Regents of the Univ. of California

v. Doe, 519 U.S. 425, 429 (1997). Thus, the Spartanburg Parole Office, the local office of a state agency, is protected by Eleventh Amendment immunity from Plaintiff's claims.[4]

**RECOMMENDATION**

Accordingly, the court recommends that the Complaint in the above-captioned case be dismissed without prejudice and without issuance of service of process.

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

August 23, 2011
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

[4] While the United States Congress can override Eleventh Amendment immunity through legislation, Congress has not overridden the states' Eleventh Amendment immunity in § 1983 cases. See Quern v. Jordan, 440 U. S. 332, 343 (1979). In addition, a State may consent to a suit in a federal district court. See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 99 & n.9 (1984). However, the State of South Carolina has not consented to such actions. See S.C. Code Ann. § 15-78-20(e) (statute expressly provides that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another State.)

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  <u>Diamond v. Colonial Life & Acc. Ins. Co.</u>, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); <u>see</u>  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).