# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ROCK HILL DIVISION

| | | |
|---|---|---|
| Kipper Ken King, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action. No. 0:11-cv-01387-JMC |
| | ) | |
| Suesan Crocker, Spartanburg Parole Office, | ) | **ORDER AND OPINION** |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is currently before the court upon the Report and Recommendation ("Report") [Doc. 17] filed on August 24, 2011, by United States Magistrate Judge Paige J. Gossett. *Pro se* plaintiff Kipper Ken King ("Plaintiff") filed this civil action pursuant to 42 U.S.C. § 1983 asserting that Suesan Crocker of the Spartanburg Parole Office ("Defendant") violated Plaintiff's right to Equal Protection under the Fourteenth Amendment of the United States Constitution. Plaintiff contends that Defendant's negligence caused Plaintiff to remain incarcerated for an additional nine and a half months. The Report recommended that the court dismiss the complaint without prejudice and without issuance and service of process. For the reasons below, the court accepts the Magistrate Judge's Report.

## STANDARD OF REIVEW

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. "The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination." *Wallace v. Hous. Auth.*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citing *Matthews v. Weber*, 423 U.S. 261, 271 (1976)). The court is charged with making a *de novo*

1

determination of those portions of the Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

## DISCUSSION

The court incorporates by reference the Magistrate Judge's statement of the facts. [Doc. 17, at 1-2].

After receiving the Magistrate Judge's Report, Plaintiff timely filed objections. [Doc. 19]. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984). In the absence of specific objections to the Magistrate Judge's Report and Recommendation, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, this court finds that the majority of Plaintiff's objections are non-specific, unrelated to the dispositive portions of the Magistrate Judge's Report, or merely restate his claims. However, the court notes that Plaintiff seeks to avoid dismissal of his claims by seeking to substitute the original Defendant, Suesan Crocker, with "the chief executive authority of the Spartanburg, SC parole office." However, even if the court were to grant Plaintiff's request for substitution, his complaint would still suffer the same infirmaries addressed by the Magistrate Judge. Plaintiff still fails to provide sufficient factual information to establish a plausible claim that an equal protection violation has occurred.

**CONCLUSION**

Based on the record in this case, the court agrees with the Magistrate Judge's conclusion, and the court **ACCEPTS** the Magistrate Judge's Report and Recommendation [Doc. 17]. This action is hereby dismissed without prejudice and without issuance and service of process.

**IT IS SO ORDERED**.

*J. Michelle Childs*
United States District Judge

June 28, 2012
Greenville, South Carolina